IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY BAXTER, | ) | CASE NO. 1:20-cv-740 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | |
| | ) | |
| WARDEN KIMBERLY CLIPPER, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Gregory Baxter ("Baxter" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and the Answer/Return of Writ (Doc. No. 9). Baxter did not file a traverse and the time to do so has passed. Baxter is in custody at the Lorain Correctional Institution pursuant to journal entry of sentence in the case *State v. Baxter*, Cuyahoga County Court of Common Pleas, Case No. CR-16-602878-A. For the following reasons, the undersigned recommends that the Petition be DISMISSED.

## I. Procedural Background

**A. Trial Court Proceedings**

Baxter was arrested on January 20, 2016. Doc. No. 9-1, p. 17 (Exhibit 1). On February 9, 2016, a Cuyahoga County, Ohio grand jury indicted him on one murder charge, R.C. 2903.02(A); one felony murder charge, R.C. 2903.02(B); one felonious assault charge, R.C. 2903.11(A)(1); one voluntary manslaughter charge, R.C. 3903.03(A); and one grand theft charge, R.C. 2913.02(A)(1). Doc. No. 9-1 (Exhibit 2). Baxter, through counsel, pleaded not guilty. Doc. No. 9-1 (Exhibit 3).

On February 15, 2016, Baxter requested a bill of particulars and filed a demand for discovery.

Doc. No. 9-1 (Exhibits 4, 5). Pretrial conferences set for February 18 and 25, 2016 were continued at Baxter's request. Doc. No. 9-1 (Exhibits 6, 7). On March 1 and 2, 2016, the state filed a demand for discovery and discovery responses. Doc. No. 9-1 (Exhibits 8, 9, 10).

Between March 3 and 23, 2016, the trial court continued and rescheduled five pre-trial hearings at Baxter's request or a joint request due to ongoing discovery or Baxter's trial counsel's conflicting commitments. Doc. No. 9-1 (Exhibits 11, 12, 13, 14, 15). On March 28, 2016, Baxter requested another continuance and the court scheduled trial for June 22, 2016. Doc. No. 9-1 (Exhibit 16).

On June 10, 2016, Baxter made an oral motion for a competency exam and the trial court referred him to the court psychiatric clinic. Doc. No. 9-1 (Exhibit 18). Between June 22 and July 13, 2016, the trial court continued the case three times at Baxter's request, Doc. No. 9-1 (Exhibits 19, 20, 21), and scheduled trial for October 17, 2016, at Baxter's request, Doc. No. 9-1 (Exhibit 22). Between October 19 and 27, 2016, the trial court continued trial three times at Baxter's request, Doc. No. 9-1 (Exhibits 23, 24, 25), and scheduled it for November 28, 2016, at Baxter's request, Doc. No. 9-1 (Exhibit 26).

The trial court was engaged in another trial on November 28, 2016 and placed the parties on stand-by. Doc. No. 9-1 (Exhibit 27). The trial court notified the parties that it was ready to proceed on December 5, 2016. Doc. No. 9-1 (Exhibit 28). Baxter requested a continuance and the court continued the case to December 13, 2016. Doc. No. 9-1 (Exhibit 29).

The trial court rescheduled trial for January 23, 2017, at Baxter's request. Doc. No. 9-1 (Exhibit 30). On December 16, 2016, Baxter, *pro se*, filed a motion to dismiss based on a speedy trial violation. Doc. No. 9-1 (Exhibit 31). On January 19, 2017, Baxter, *pro se*, filed a motion for default judgment on his motion to dismiss. Doc. No. 9-1 (Exhibit 32).

On January 23, 2017, the trial court rescheduled trial for February 13, 2017, at the parties' joint request. Doc. No. 9-1 (Exhibit 33). The trial court was engaged in a trial on February 13, 2017, and

Baxter elected to continue the trial until March 15, 2017 rather than remain on standby. Doc. No. 9-1 (Exhibit 34).

On March 15, 2017, Baxter, through counsel, entered into a negotiated plea agreement: the state amended one murder charge (R.C. 2903.02(A)) to a first-degree felony kidnapping charge, R.C. 2905.01(A)(1); Baxter pled guilty to the kidnapping, felonious assault, and voluntary murder charges; the state nolled the remaining murder and grand theft charges; and the state recommended a 20-23-year prison sentence. Doc. No. 9-1 (Exhibit 35); Doc. No. 9-2, pp. 7-8 (Tr. Vol. 1). During the plea colloquy, the trial court declined to fully consider Baxter's *pro se* motions in part because he was not entitled to hybrid legal representation. Doc. No. 9-2, pp. 24-25 (Tr. Vol. 1).

On March 20, 2017, the trial court sentenced Baxter to 9 years in prison for kidnapping, 4 years in prison for felonious assault, and 9 years in prison for voluntary manslaughter, to be served consecutively, for a total of 22 years in prison. Doc. No. 9-1 (Exhibit 36).

**B. Delayed Direct Appeal**

On April 11, 2017, Baxter, *pro se*, filed a notice of appeal and brief in the Ohio Court of Appeals. Doc. No. 9-1 (Exhibit 37). The court dismissed his appeal *sua sponte* because he failed to comply with local filing rules. Doc. No. 9-1 (Exhibit 38). It advised Baxter *via* letter that his appeal had been dismissed and that he should file a delayed application for reconsideration or a delayed appeal. Doc. No. 9-1 (Exhibit 39). Baxter, *pro se*, filed a motion for leave to file a delayed appeal, which the Ohio Court of Appeals denied without prejudice on procedural grounds. Doc. No. 9-1 (Exhibits 40, 41).

On August 29, 2017, Baxter, *pro se*, filed an appeal notice, a motion for leave to file delayed appeal, and a motion to appoint counsel. Doc. No. 9-1 (Exhibits 42, 43, 44). The Ohio Court of Appeals appointed Baxter appellate counsel and granted his leave to file a delayed appeal. Doc. No. 9-1 (Exhibits 45, 46). Through new counsel, he raised the following claim:

3

> The trial court abused its discretion by accepting the appellant's guilty plea without ensuring that the appellant knowingly, intelligently and voluntarily waived his right to a grand jury to determine whether a sufficient factual basis existed to charge him with Kidnapping, R.C. §2905.01.

Doc. No. 9-1, p. 114 (Exhibit 47).  On June 7, 2018, the Ohio Court of Appeals overruled Baxter's assignment of error and affirmed the trial court's judgment.  Doc. No. 9-1 (Exhibit 49); *State v. Baxter*, 2018-Ohio-2237; 2018 WL 2771914.

Baxter did not timely appeal to the Ohio Supreme Court.

**C. Ohio App.R. 26(B) Application to Reopen Direct Appeal**

On July 30, 2018, Baxter, *pro se*, filed an Ohio App.R. 26(B) application to reopen his direct appeal due to ineffective assistance of appellate counsel.  Doc. No. 9-1 (Exhibit 50).  He alleged appellate counsel was ineffective for not raising this claim on direct appeal:

> Appellant's trial counsel provided ineffective assistance of counsel when it coerced appellant into entering a plea of guilty, knowing that the state failed to bring him to trial within the 90-day period specified by Ohio Revised Code 2945.71(B)(2) of the speedy trial act.

*Id*. p. 144.  On June 17, 2019, the Ohio Court of Appeals denied Baxter's application to reopen his direct appeal, finding that his speedy trial rights were not violated, and, therefore, appellate counsel was not ineffective for not raising that claim.  Doc. No. 9-1 (Exhibit 52); *State v. Baxter*, 2019-Ohio-2429, 2019 WL 2537974.

Baxter did not timely appeal to the Ohio Supreme Court.

**D. Ohio Supreme Court-Writ of Procedendo & Delayed Direct Appeal**

On August 5, 2019, Baxter, *pro se*, filed a petition for a writ of procedendo in the Ohio Supreme Court, arguing that the Ohio Court of Appeals had not ruled on his Rule 26(B) application for reopening. Doc. No. 9-1 (Exhibit 53).  Respondent, the Eighth District Court of Appeals, filed a motion to dismiss, and, on October 16, 2019, the Ohio Supreme Court dismissed Baxter's petition.  Doc. No. 9-1 (Exhibits 54, 55).

4

On December 9, 2019, Baxter, *pro se*, filed a notice of appeal in the Ohio Supreme Court regarding the Ohio Court of Appeals' June 7, 2018 decision denying his direct appeal and the June 17, 2019 decision denying his App.R. 26(B) application to reopen, Doc. No. 9-1 (Exhibit 56), and a motion for leave to file a delayed appeal of the Ohio Court of Appeals' June 7, 2018 decision, Doc. No. 9-1 (Exhibit 57). On February 4, 2020, the Ohio Supreme Court denied Baxter's motion for delayed appeal. Doc. No. 9-1 (Exhibit 58).

### E. Federal Habeas Proceedings

On March 23, 2020, Baxter, *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to § 2254. Doc. No. 1.[1] He raised the following grounds for relief:

> **GROUND ONE:** Trial counsel was ineffective for allowing the petitioner to plead guilty knowing that the trial court violated the petitioner's due process and speedy trial rights.
>
> **Supporting Facts**: I was held in excess of the statutory time limits for Ohio's speedy trial without a valid waiver in the record.
>
> **GROUND TWO:** The trial court abused its discretion by accepting the appellant's guilty plea without ensuring that the appellant knowingly, intelligently, and voluntarily waived his right to a grand jury to determine whether a sufficient factual basis existed to charge him with kidnapping, R.C. 2905.01.
>
> **Supporting Facts**: The petitioner's guilty pleas were not entered into knowingly, intelligently, and voluntarily because he did not waive his rights to a grand jury.

Doc. No. 1, pp. 4-5. Respondent filed an Answer. Doc. No. 9. Baxter did not file a traverse and the time within which to do so has passed.

## II. Legal Standard

### A. Exhaustion and Procedural Default

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio*

---

[1] Although Baxter states that he placed his petition in the prison mail system on March 26, 2020 (Doc. No. 1, p. 7), it was filed on the docket on March 23, 2020. The undersigned credits the earlier filing date.

*Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id*. (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id*.

**Exhaustion**. A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g., Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural default**. Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id*. *In Maupin v. Smith*, the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of

7

justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

**B. Merits Review**

In order to obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principles and standards flowing from Supreme Court precedent. *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for

8

instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.") (emphasis in original).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

**C. Ineffective Assistance of Counsel**

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel in the context of guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (6th Cir. 1985). A petitioner must show that counsel's representation fell below an objective standard of reasonableness and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 58-59. Upon federal habeas review, there is a double layer of deference applied: to counsel, under *Strickland*, and to the state court of appeal's decision on the merits of that claim, under AEDPA. *Kelly v. Lazaroff*, 846 F.3d 819, 832 (6th Cir. 2017) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

**III Analysis**

**A. Ground 1 is procedurally defaulted**

In Ground 1, Baxter argues that trial counsel was ineffective for allowing him to plead guilty

knowing that the trial court had violated his due process and speedy trial rights. Doc. No. 1, p. 4. Respondent argues that Ground 1 is procedurally defaulted, Doc. No. 9, p. 24, and the undersigned agrees. Baxter failed to raise an ineffective assistance of trial counsel claim on direct appeal, as he was required to do. *See Greer v. Mitchell*, 264 F.3d 663, 674 (6th Cir. 2001) (ineffective assistance of trial counsel claim based on matters in the record must be raised on direct appeal, citing *State v. Cole*, 443 N.E.2d 169 (Ohio 1982)). To the extent Baxter could cite ineffective assistance of appellate counsel for failing to raise the issue on direct appeal as cause to excuse his procedural default, such a claim was rejected by the Ohio Court of Appeals, Baxter did not file a timely appeal, and the Ohio Supreme Court denied his motion for leave to file a delayed appeal. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (the Ohio Supreme Court applies a procedural bar when it denies a motion for leave to file delayed appeal). Thus, his ineffective assistance of appellate counsel claim is itself procedurally defaulted and cannot serve as cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-453 (2000). And Baxter does not allege cause or prejudice to excuse that procedural default. *Id*. at 453.

Moreover, Baxter has not shown actual prejudice to excuse his procedural default of Ground 1. His assertion that counsel "allow[ed]" him to plead guilty "knowing that the trial court violated" his speedy trial rights is belied by the record; Baxter stated under oath that his plea was voluntary, he was guilty, and he desired to waive his right to a trial. Doc. No. 9-2, pp. 12, 16-20, 28, 30-31; *see, e.g.*, *Mendenhall v. Parris*, 2017 WL 2819225, at *4 (6th Cir. Feb. 22, 2017) (petitioner did not show prejudice when he stated under oath at the plea hearing that his guilty plea was voluntary, he was guilty, and he desired to waive his right to a trial, citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005). Prior to his guilty plea, Baxter had expressed his opinion that his speedy trial rights had been violated. Doc. No. 9-1, p. 65-68. Thus, he does not allege, for example, that he was unaware of his speedy trial rights such that he would not have pled guilty had

10

counsel advised him of those rights. *See id.* ("Mendenhall did not demonstrate any prejudice by showing that he would have rejected a guilty plea in favor of a trial."). And, as the Ohio Court of Appeals explained, Baxter's speedy trial time had not tolled, his speedy trial rights had not been violated, and, therefore, appellate counsel was not ineffective for failing to raise, on direct appeal, a claim that trial counsel was ineffective with respect to Baxter's speedy trial rights. *State v. Baxter*, 2019-Ohio-2429, ¶¶ 3-10; 2019 WL 2537974 (Oh.Ct. App. June 17, 2019).

Finally, Baxter has not shown that he suffered a fundamental miscarriage of justice, *i.e.*, that his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A claim of actual innocence "requires the petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Baxter has not presented such evidence.

In sum, the undersigned finds that Ground 1 is procedurally defaulted.

## B. Ground 2 is procedurally defaulted

In Ground 2, Baxter argues that the trial court abused its discretion when it accepted his guilty plea without ensuring that he knowingly, intelligently, and voluntarily waived his right to a grand jury to determine whether a sufficient factual basis existed to charge him with kidnapping. Doc. No. 1, p. 5. Respondent argues that Ground 2 is procedurally defaulted. Doc. No. 9, p. 24. The undersigned agrees.

Ground 2 is procedurally defaulted because, while Baxter raised this claim on direct appeal to the Ohio Court of Appeals, he did not file a direct appeal to the Ohio Supreme Court. He later filed a motion for leave to file a delayed appeal to the Ohio Supreme Court but the Ohio Supreme Court denied his motion, thereby enforcing a procedural bar. *Bonilla*, 370 F.3d at 497. As above, Baxter does not allege

11

cause to excuse his procedural default. Ineffective assistance of counsel cannot constitute cause because a defendant does not have the right to counsel on a discretionary, direct appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1982) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Baxter does not allege actual prejudice. As the Ohio Court of Appeals explained, Ohio law provides that a defendant may waive the right to be prosecuted by indictment and "The record demonstrates that Baxter waived the presentment [of the kidnapping charge] to the grand jury, was fully advised of his constitutional rights, and knowingly, intelligently, and voluntarily entered the guilty plea." *State v. Baxter*, 2018-Ohio-2237, ¶ 13; 2018 WL 2771914 (Oh. Ct. App. June 7, 2018); Doc. No. 9-2, p. 8 (trial counsel stating, "And for the record, my client is aware of the fact that we are amending Count 1 to reflect the kidnapping, 2905.01(A)(2). We waive any defects in form or service. We waive presentment to the grand jury, and will allow it to be amended for the purposes of this plea."). Finally, Baxter has not shown actual innocence. Thus, the undersigned finds that Ground 2 is procedurally defaulted.

### IV. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

Date: June 3, 2022

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).**